**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3396
_____

SHAWN SOUTHERLAND,
                        Appellant

v.

COUNTY OF HUDSON;
OSCAR AVILES, Warden, Hudson County Correctional Facility;
HUDSON COUNTY CORRECTIONAL FACILITY;
GOVERNOR NEW JERSEY;
GOVERNOR NEW YORK;
HUDSON COUNTY DISTRICT ATTORNEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-10-cv-03563)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2013

Before:  RENDELL, FISHER and GARTH, <u>Circuit Judges</u>

(Opinion filed: May 10, 2013)
_____

OPINION
_____

PER CURIAM

Shawn Southerland, an inmate presently confined at East Jersey State Prison, appeals from the District Court's order sua sponte dismissing his pro se civil rights complaint for failure to state a claim. For the reasons set forth below, we will affirm the District Court's order in part, vacate it in part, and remand for further proceedings.

I.

Because we write for the parties, we recount only the essential facts and procedural history. Southerland, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court, alleging that his civil rights were violated by law enforcement officers during a 2007 investigation at his residence, and by corrections officials during his pretrial detention at the Hudson County Correctional Center ("HCCC") between 2010 and 2011. The District Court sua sponte dismissed Southerland's complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Southerland timely appealed.[1]

---

[1] Southerland was initially notified that his appeal would be submitted to the Court for possible dismissal under 28 U.S.C. § 1915(e)(2) or summary action under 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. However, a briefing schedule was later issued and the parties were directed to specifically brief whether Southerland's pretrial confinement conditions at HCCC constituted punishment under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). Southerland timely filed a pro se informal brief. Appellees, whose participation below was preempted by the District Court's sua sponte dismissal of the complaint, did not file an appellate brief.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of Southerland's complaint for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Id. In order to survive dismissal under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding whether the District Court's dismissal of Southerland's complaint was proper, we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

### III.

We will affirm the District Court's dismissal of Southerland's claim that his civil rights were violated when police officers entered the residence he shared with his former girlfriend in 2007 to investigate her disappearance.[2] The District Court dismissed this claim after concluding that it was untimely under the applicable two-year statute of limitations. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d. Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Ordinarily, the statute of limitations is an affirmative defense which must be pleaded and is subject to

---

[2] Southerland was later convicted in a New Jersey court of murdering his girlfriend.

3

waiver, see Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008), but untimeliness may justify sua sponte dismissal where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the Court has provided the plaintiff notice and an opportunity to be heard." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (3d Cir. 2009). Our review of the complaint convinces us that the District Court correctly found that this claim was clearly time-barred and that no meritorious tolling issues were present. We will also affirm the District Court's dismissal of Southerland's related claim that Officer George Ponik later provided false testimony regarding the 2007 investigation at an evidentiary hearing, as we agree that Southerland's complaint failed to set forth a sufficient factual basis to support such a claim. See Iqbal, 556 U.S. at 678-79.

With respect to Southerland's pretrial detention at HCCC, he alleged that (1) his confinement conditions in the C-5-East segregation cellblock were unconstitutional; and (2) he was denied meaningful access to the courts due to an inadequate law library and insufficient time to work on his criminal case. We will affirm the District Court's dismissal of Southerland's access to the courts claim because we agree that his complaint failed to connect the actions of any of the defendants to an actual injury. See Lewis v.

4

Casey, 518 U.S. 343, 348-55 (1996); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997) (requiring "evidence of actual or imminent interference with access to courts").[3]

However, we will vacate the District Court's dismissal of Southerland's claim that his confinement in the C-5-East segregation cellblock was unconstitutional. The District Court reasoned that Southerland failed to state a claim on this issue because (1) he did not have a liberty interest in his assignment to a particular security classification; (2) he did not demonstrate that the confinement conditions created an atypical and significant hardship; and (3) the placement of prisoners within the prison system is within the discretion of prison administrators. We find the District Court's analysis insufficient to justify the sua sponte dismissal of this claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Constitutional challenges to the conditions of pretrial confinement are analyzed under the Fourteenth Amendment's Due Process Clause. See Hubbard v. Taylor, 399 F.3d 150, 158 n.13 (3d Cir. 2005). In Bell v. Wolfish, the Supreme Court held that because a pretrial detainee has not been found guilty of any crime, he may only be detained "to ensure his presence at trial and may [be] subject[ed] to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." 441 U.S. 520, 536-37 (1979). If a particular condition or

---

[3] Southerland's complaint also alleged that his commissary purchases were erroneously subjected to a victim compensation fund surcharge. Because he failed to challenge the District Court's dismissal of this claim in any of his filings to this Court, we decline to consider the issue. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("[a]n issue is waived unless a party raises it in its opening brief").

restriction of pretrial detention is reasonably related to a legitimate governmental objective, such as ensuring security and order at the institution, it does not, without more, amount to punishment. Id. at 539. The central question here, therefore, is whether Southerland's complaint sufficiently alleged that the conditions of his pretrial confinement constituted "punishment." Southerland's claim does not rely on a state-created liberty interest, but instead concerns the direct effect of the Due Process Clause.

Southerland's pro se complaint, citing the Due Process Clause, detailed the reasons why he believed his pretrial detention conditions were unconstitutional, including that he was confined to a small cell with another pretrial detainee for 23 hours per day for 5 days out of the week, and for 32 hours over the course of the remaining two days of the week. He alleged that this confinement was "psychologically destructive and an unacceptable deprivation of privacy, common decency and security and safety" for a pretrial detainee. He asserted that he received no prior misbehavior report, disciplinary infraction, or any other documentation justifying his assignment to those conditions. Because the District Court dismissed this claim before allowing Appellees to respond, the Court had no basis upon it could have concluded that Southerland's placement in the C-5-East segregation cellblock was "reasonably related to a legitimate governmental objective, such as ensuring security and order at the institution." See Bell, 441 U.S. at 539. Under these circumstances, we conclude that Southerland's complaint stated a claim that his pretrial confinement constituted "punishment" in contravention of the Due Process Clause, and therefore the District Court erred by sua sponte dismissing the claim.

6

IV.

For those reasons, we will affirm the District Court's July 26, 2012 order to the extent that it dismissed Southerland's claims relating to the police investigation into the disappearance of his girlfriend and his ability to access to the courts while at HCCC. We will vacate the District Court's order to the extent that it dismissed Southerland's claim that his pretrial confinement conditions at HCCC constituted "punishment" under the Due Process Clause of the Fourteenth Amendment, and remand for further proceedings.