**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-2806

———————

SHAWN SOUTHERLAND,
                        Appellant

v.

COUNTY OF HUDSON; WARDEN HUDSON COUNTY CORRECTIONAL
CENTER; HUDSON COUNTY CORRECTIONAL FACILITY;
GOVERNOR OF NEW JERSEY; GOVERNOR OF NEW YORK; DISTRICT
ATTORNEY HUDSON COUNTY

———————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-10-cv-03563)
District Judge:  Honorable Dickinson R. Debevoise

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2015

Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 29, 2015)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Shawn Southerland, a New Jersey state prisoner, appeals the District Court's order granting summary judgment to the defendants and denying his motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000). For the reasons detailed below, we will affirm the District Court's judgment.

This case is now before us for the second time. Southerland initiated the action in 2010, filing a complaint raising numerous challenges to the conditions of his confinement in the Hudson County Correctional Center (HCCC). In 2012, after Southerland had twice amended his complaint, the District Court dismissed the complaint sua sponte for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Southerland appealed, and we affirmed the District Court's dismissal of each of Southerland's claims, with one exception. We ruled that the District Court had erred in dismissing Southerland's claim that his confinement in the C-5-East segregation cellblock from June 11, 2010, to October 23, 2010, was unconstitutional. Southerland v. Cnty. of Hudson, 523 F. App'x 919, 921-22 (3d Cir. 2013) (not precedential). We concluded that, by alleging that he had been confined to his cell, which he shared with another inmate, for up to 23 hours a day for a four-month period, Southerland — who at the time was a pretrial detainee awaiting trial on first-degree murder charges — had stated a claim that his pretrial confinement constituted "punishment" in contravention of the Due Process Clause. Id. at 921-22. We thus remanded to the District Court for further consideration of this claim.

2

Before the District Court, the defendants filed a motion to dismiss, or, in the alternative, for summary judgment, arguing both that the conditions to which Southerland was subjected did not amount to punishment and that Southerland had failed to exhaust his administrative remedies. Southerland also moved for summary judgment, claiming that he was entitled to judgment on the merits. The District Court construed the defendants' motion as seeking summary judgment and granted judgment in their favor on the ground that Southerland had failed to exhaust his claim. Southerland then filed a timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. As the District Court emphasized, a prisoner may not bring a lawsuit "with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e mandates "proper exhaustion"; thus, a "procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "[T]he determination whether a prisoner has 'properly' exhausted a claim . . . is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). Exhaustion under § 1997e is not subject to a "futility exception." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).

Southerland objects to the District Court's exhaustion ruling on two grounds. First, he argues that he filed a grievance, in accordance with the HCCC's procedures, on

3

December 30, 2010. However, the District Court rightly concluded that this grievance concerned a temporary lockdown caused by some unnamed inmate's misbehavior, rather than the regular conditions in the C-5-East segregation cellblock. Indeed, this lockdown occurred at the end of December 2010, while in this case, Southerland complains about the conditions from June 11, 2010, to October 23, 2010. Thus, as the District Court held, this grievance did not give the HCCC "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," Woodford, 548 U.S. at 89, and does not serve to exhaust Southerland's claim.[1]

Second, Southerland argues that he wrote a letter to the New Jersey Office of the Corrections Ombudsman on August 8, 2010, that expressly complained about his restrictive confinement during the relevant period. However, the HCCC's grievance procedure requires a grievance to be submitted to the prison's ombudsman, who logs the grievance and then forwards it to the appropriate unit manager for disposition. Thus, Southerland submitted this grievance to the wrong office, and "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

---

[1] On appeal, Southerland argues that HCCC's unit manager failed to respond to this grievance, and that this failure to respond rendered the grievance procedure unavailable. However, Southerland did not raise this argument before the District Court, and we will not address it for the first time on appeal. See, e.g., C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010). Moreover, we note that, under HCCC's grievance procedure, if the unit manager did not respond to his grievance within five days, the onus was on Southerland to request a meeting with the unit manager.

Thus, we likewise agree with the District Court that Southerland did not exhaust his administrative remedies through this letter. See Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013) (concluding that inmate did not exhaust remedies by sending letters "to individuals outside of prison administration"); see also Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006) (holding prisoner failed to exhaust claim when he sent grievance to the improper person).[2]

Because Southerland failed to exhaust his administrative remedies, the District Court did not err in granting the defendants' motion for summary judgment and denying Southerland's cross-motion. See generally 42 U.S.C. § 1997e(a). We will thus affirm the District Court's judgment.

---

[2] While it appears that the New Jersey Office of the Corrections Ombudsman forwarded Southerland's letter to the HCCC's director, this does not help Southerland here. First, HCCC's director was not the correct grievance recipient; as noted above, the grievance was required to be directed first to the ombudsman and unit manager. Thus, even after being forwarded, the complaint was not filed "in the place . . . the prison's administrative rules require." Pozo, 286 F.3d at 1025. Moreover, the undisputed evidence reveals that the HCCC never logged the letter as a grievance or considered it on its merits. Therefore, this is not a case where the HCCC can be said to have waived compliance with its procedures. Cf. Camp, 219 F.3d at 281 (concluding that exhaustion requirement was satisfied when, although grievance was sent to the wrong office, the ultimate administrative authority fully examined the grievance on the merits).