FILED

United States Court of Appeals

Tenth Circuit

April 1, 2015

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARJORIE A. CREAMER,

      Plaintiff - Appellant,

v.

A.D. KELLY; CHRIS DAVIS,

      Defendants - Appellees.

No. 14-3252

(D.C. No. 5:14-CV-04073-CM-JPO)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Marjorie A. Creamer, proceeding pro se and *in forma pauperis* (IFP), appeals the dismissal of her complaint for failure to state a claim and as legally frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[1] Under our de novo review, *see Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Ms. Creamer's pro se materials a liberal construction but do not act as her advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Ms. Creamer brought this action against A.D. Kelly, a veterinarian, and Chris Davis, a police officer, due to events that transpired after her car ran out of gas. According to the complaint, Ms. Creamer was with her two dogs when Officer Davis arrived. He handcuffed her, transported her to Larned State Hospital, and told her she would never see her dogs again. The dogs were transferred to the custody of Kelly, who euthanized them. Based on these facts, Ms. Creamer averred that "[t]he cause of action is the CIVIL RIGHTS action of no probable cause for handcuffing and confinement, excessive force (i.e. 42 USC section 1983 – ADA 1964, 1991, 4th amendment, K.S.A. 21-6412, K.S.A. 21-4310, K.S.A. 47-1715." R. at 3.

A magistrate judge screened the complaint and recommended that it be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) for failure to state a claim and for frivolousness. The magistrate judge reasoned that the complaint lacked factual development and contained allegations substantially similar to those Ms. Creamer had pleaded against the same defendants in a previously dismissed suit. As the magistrate judge saw it, the complaint suffered from the same deficiencies that led to the prior dismissal. The district court agreed the complaint was frivolous and failed to state a claim, and also ruled that amending it would be futile because Ms. Creamer had failed to properly amend her previous complaint despite multiple opportunities to do so, her present complaint contained even fewer allegations, and its seventy pages of attachments did nothing to bolster her claims. Thus, the court granted Ms. Creamer IFP and dismissed the complaint. Ms. Creamer responded with what

- 2 -

appeared to be a motion for relief from judgment under Fed. R. Civ. P. 60, but the district court denied the motion, ruling that she failed to provide any basis for altering or amending the judgment. Ms. Creamer subsequently appealed.

Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and "dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted[.]" "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (internal quotation marks omitted).

Here, Ms. Creamer's complaint was subject to dismissal under both alternatives because she relied on the same subject matter to advance claims that a different district judge already determined should be dismissed, with even less factual development than before. In her previous suit, Ms. Creamer alleged she ran out gas, Officer Davis stopped and slammed her against the car, and after she was released from Larned State Hospital, she discovered her dogs had been euthanized by Kelly. *See Creamer v. Rooks Cnty. Kan.*, 5:13-cv-4076-RDR-KGS (D. Kan. filed July 16, 2013). The district judge in that case dismissed the claims against Kelly because the complaint failed to state a plausible claim under 42 U.S.C. § 1983. *See id.*, doc. 11,

at 4-5 (Sept. 25, 2013). The judge further ruled that the claims against Officer Davis were deficient because Ms. Creamer failed to make a demand for relief as required by Fed. R. Civ. P. 8(a)(3) or plead compliance with the notice requirements of Kan. Stat. Ann. § 12-105b(d). Although the judge repeatedly ordered Ms. Creamer to cure the deficiencies by properly amending her complaint, she failed to do so. Consequently, the district judge dismissed the complaint for failure to comply with the court's rules and orders. *See id.*, doc. 48, at 6 (Apr. 22, 2014).

Ms. Creamer's present complaint still fails to rectify these deficiencies. It fails to state a claim against Kelly because it alleges nothing indicating how Kelly could be liable under § 1983. Further, there is nothing that could be construed as a demand for relief against Officer Davis. Moreover, nothing that Ms. Creamer has filed thus far suggests she could cure these deficiencies. And because the complaint is predicated on the same facts as the previously dismissed suit but provides even less factual development, it is frivolous. Under these circumstances, the district court correctly dismissed the complaint for failure to state a claim and frivolousness.

Accordingly, the judgment of the district court is affirmed and any outstanding requests for relief are denied.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

- 4 -