FILED
United States Court of Appeals
Tenth Circuit

October 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONNIE MAC CHANCE,

     Plaintiff - Appellant,

v.

SANDY VANDIVER; MIRANDA
McKINNEY; PAT STRAYHORN;
ALLEN MALONE; LAURA LINDLY;
KATRINA ANDERSON; GERALD
GIBBS; TOM NIX; PEGGY BELL,

     Defendants - Appellees.

No. 15-7046
(D.C. No. 15-CV-00206-RAW)
(E.D.Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Ronnie Mac Chance, an Oklahoma state prisoner appearing pro se, appeals

the district court's dismissal of his 42 U.S.C. § 1983 action because it was

frivolous and failed to state a claim, and the denial of his subsequent motion to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

alter or amend the judgment, Fed. R. Civ. P. 59(e).  See Chance v. Vandiver, No. 15-civ-206-RAW, 2015 WL 3618320 (E.D. Okla. June 9, 2015); 1 R. 177–180 (July 10, 2015).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Mr. Chance is a prisoner in custody of the Oklahoma Department of Corrections serving a term of imprisonment for sexual abuse.  He filed a civil rights suit on behalf of himself and his four minor children against various individuals who were allegedly involved in a criminal case against him.  Specifically, Mr. Chance claims that the police chief, several social workers, and his own attorneys coerced his children into lying about rape allegations against him, so they could be removed into state custody.  See 1 R. 8–11, 20–22.  He makes claims on behalf of his children, including allegations that one child's First Amendment rights were infringed during the custody proceeding, see id. at 13–16, and another was punished for asking to see her grandmother, see id. at 17.  Mr. Chance also makes various allegations against the attorneys who allegedly represented him during these proceedings, claiming they provided ineffective assistance of counsel and denied him access to the courts.  See id. at 18–20, 23–28.  Finally, he crafts various "proposed" claims on behalf of the children's grandmother.  See id. at 28–30.

The district court dismissed this complaint sua sponte under 28 U.S.C.

- 2 -

§ 1915(e)(2), finding the action was frivolous and failed to state a claim upon which relief can be granted. See Chance, 2015 WL 3618320, at *3. After filing a notice of appeal to this court, Mr. Chance filed a motion to alter or amend the district court's judgment under Fed. R. Civ. P. 59(e) that also sought leave to amend the initial complaint. 1 R. 87–90. The district court denied the motion to alter or amend judgment and denied leave to amend the complaint. See id. at 177–80.

## Discussion

On appeal, Mr. Chance maintains he provided sufficient facts to state a claim upon which relief could be granted, and alternatively, the district court erred when it denied leave to amend the complaint. We disagree. Essentially, Mr. Chance attacks all state proceedings with a complaint that simply is not plausible, if not wholly frivolous.

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* (IFP) proceeding. See Vasquez Arroyo v. Starks, 589 F.3d 1091, 1094 (10th Cir. 2009). Under § 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and "dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted[.]" An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

- 3 -

319, 325 (1989).  An action fails to state a claim if the claim is not plausible.  In other words, the claim must contain enough facts that discovery might suggest an evidentiary basis for the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557–58 (2007).  This requirement is based in part on the requirement of "a short and plain statement" suggesting "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Mr. Chance's complaint falls short of these standards.

The district court did not abuse its discretion in denying the motion to alter or amend the judgment on the basis of Mr. Chance's amended complaint.  Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (noting the standard of review for Rule 59(e) motions).

AFFIRMED.  We DENY IFP status and order payment of the unpaid balance of the appellate filing fee. We also DENY Mr. Chance's motion for appointment of legal counsel.  The district court's dismissal counts as a strike under 28 U.S.C. § 1915(g), as will this disposition because the appeal is frivolous.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge