SEYMOUR, Circuit Judge.
Martin Vasquez Arroyo, proceeding in forma pauperis, filed two pro se 42 U.S.C. § 1983 actions in the United States District Court for the District of Kansas. He *1093 alleged that in two separate incidents Kansas state authorities falsely arrested him and filed falsified pre-trial diversion agreements containing his forged signatures.[1] The district court dismissed the claims against the arresting officers without prejudice, holding that Mr. Vasquez’s § 1983 claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In one of the actions, the district court alternatively held the claims barred by the relevant statute of limitations. We reverse.
I.
On December 6, 2007, Mr. Vasquez filed bis first § 1983 action. In his complaint, Mr. Vasquez asserted that in July 1998, Curtis Starks, a Kansas police officer, falsely arrested him, gave him a ticket for driving under the influence and for transportation of an open container of alcohol, and falsely imprisoned him, and that on August 11, 1998, Mark Frame, the City Attorney in Kinsley, signed the ticket and forged Mr. Vasquez’s signature on a pretrial diversion agreement.
On January 28, 2008, Mr. Vasquez filed a second § 1983 complaint, this time against Tammy Gross, another Kansas police officer, and Mr. Frame. This complaint alleged that officer Gross falsely arrested and imprisoned him for disorderly conduct and battery in July 1998 and that Mr. Frame forged his signature on a pre-trial diversion agreement filed with the state court on August 27,1998.[2]
The district court dismissed both complaints sua sponte, holding that “claims against defendant Frame are dismissed with prejudice due to his absolute prosecu-torial immunity” and “plaintiffs remaining claims are barred by Heck v. Humphrey and are dismissed without prejudice.” Case No. 08-3121, Rec., vol. I (hereinafter “Rec. I”), Court Order filed April 25, 2008 (hereinafter “Order I”) at 7; Case No. 08-3134, Rec., vol. I (hereinafter “Rec. II”), Court Order filed April 25, 2008 (hereinafter “Order II”) at 6. In addition, the court alternatively held with respect to the complaint against Officer Gross that it was barred by the relevant statute of limitations. Mr. Vasquez appeals both judgments but only as to the officers, not as to the city attorney.
This court appointed counsel to represent Mr. Vasquez and asked the parties to submit supplemental briefs addressing “[wjhether the Heck v. Humphrey bar applies to a Kansas pre-trial diversion agreement. Specifically, the parties should address the question whether Heck v. Humphrey applies when the plaintiff lacks an available remedy in habeas, in light of the circuit split on this issue.” Order filed October 3, 2008. As it turns out, we need not reach this issue.
II.
The question presented to the Supreme Court in Heck was whether “a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983.” 512 U.S. at 478, 114 S.Ct. 2364. All nine justices agreed that the issue required the Court to reconcile two acts of Congress, § 1983 and the federal habeas corpus statute: “[Tjhis case *1094 lies at the intersection of the two most fertile sources of federal-court prisoner litigation — the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254.” Id. at 480, 114 S.Ct. 2364; id. at 491, 114 S.Ct. 2364 (Souter, J., concurring in judgment); id. at 490, 114 S.Ct. 2364 (Thomas, J., concurring).
In reconciling § 1983 and the federal habeas statute, Heck confronted the issue of § 1983 claims brought “to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.” Id. at 486, 114 S.Ct. 2364. The Court held that in order to be allowed to proceed in those types of actions, “a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus.” Id. at 486-87, 114 S.Ct. 2364.
Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiffs action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.
Id. at 487, 114 S.Ct. 2364 (emphasis in original) (footnotes omitted); see also Wallace v. Kato, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (noting the Heck bar is called into play only when there exists a criminal conviction that the § 1983 cause of action would impugn).
We have said that “[t]he purpose behind Heck is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions.” Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir.2007) (citing Muhammad v. Close, 540 U.S. 749, 751-52, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (per curiam)). The question presented here is whether the Heck bar is applicable where the § 1983 claims arise from allegedly false arrests that led to falsified pretrial diversions.
III.
Like dismissals under Rule 12(b)(6), we review de novo a district court’s sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an in forma pauperis proceeding. See Perkins v. Kansas Dep’t of Corrs., 165 F.3d 803, 806 (10th Cir.1999).
In dismissing Mr. Vasquez’s § 1983 claims against Officers Starks and Gross, the district court stated:
The court concludes the diversion agreement in question here is sufficiently analogous to a finding in a criminal action that it is reasonable to impose the Heck bar. There has been no favorable termination of the criminal charges against plaintiff, and the court finds no compelling reason to allow claims presented in a civil rights action which would imply the invalidity of a diversion to proceed where claims arising from a criminal conviction could not.[3]
*1095 Order I at 6; Order II at 5 (emphasis added). Contrary to the district court’s conclusion, under Kansas law a “[djiversion is ... a means to avoid a judgment of criminal guilt,” the opposite of a conviction in a criminal action. State v. Chamberlain, 280 Kan. 241, 120 P.3d 319, 323 (2005); Kan. Stat. ANN. § 22-2906(3), (4) (2008); Kan. Stat. Ann. § 12-4413(c), (d) (2008).
Here, there is no related underlying conviction that could be invalidated by Mr. Vasquez’s § 1983 actions. The diversion agreements resulted in deferral of prosecution of the offenses at issue. As a consequence, under Kansas law there are no “outstanding judgments,” or “convictions or sentences” against Mr. Vasquez either for driving under the influence and transportation of open containers of alcohol, or for disorderly conduct[4] and battery — the charges from which his § 1983 claims stem.
Courts disagree as to whether the Heck bar applies to pre-trial programs similar to diversion agreements. Compare, e.g., S.E. v. Grant County Bd. of Educ., 544 F.3d 633, 639 (6th Cir.2008) (holding Heck inapplicable to pre-trial diversion agreements); and Butts v. City of Bowling Green, 374 F.Supp.2d 532, 537 (W.D.Ky.2005) (same), with Gilles v. Davis, 427 F.3d 197, 211-12 (3d Cir.2005) (holding that § 1983 claims of a plaintiff who had participated in pretrial probationary programs were barred by Heck). In our judgment, holding that the Heck bar applies to pre-trial diversions misses the mark.
The Supreme Court in Wallace made clear that the Heck bar comes into play only when there is an actual conviction, not an anticipated one. 549 U.S. at 393, 127 S.Ct. 1091. The Court explained why this is so:
What petitioner seeks ... is the adoption of a principle that goes well beyond Heck: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, see Heck, 512 U.S., at 487, n. 7, 114 S.Ct. 2364, 129 L.Ed.2d 383—all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? We are not disposed to embrace this bizarre extension of Heck.
Id.; see also Butler, 482 F.3d at 1279 (“The starting point for the application of Heck ... is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action. In other words, a § 1983 action implicates Heck only as it relates to the conviction that it would be directly invalidating.”).[5] There is no such conviction here.
*1096 Because we have determined that the Kansas pre-trial diversion agreements are not outstanding convictions and therefore these § 1983 claims impugning their validity are not barred by Heck, we need not decide whether Heck applies when the plaintiff lacks an available remedy in habe-as. Although we implied in Butler in dicta that Heck does not apply when a habeas remedy is lacking, 482 F.2d at 1278-81, we decline to reach this issue which the Supreme Court has not resolved, see Close, 540 U.S. at 752 n. 2, 124 S.Ct. 1303, and on which the circuits are split.[6]
IV.
In the case against Officer Gross, the district court stated in its sua sponte dismissal order that “even if the court declined to extend the Heck rule to a diversion, this matter would be subject to dismissal under the two-year limitation period applicable to an action brought pursuant to § 1983.” Order II at 6 n. 3. As the district court noted, Mr. Vasquez asserted in his complaint against Officer Gross that he “did not knew [sic] about this false case until 2005.” Rec. II, vol. I, Complaint II at 5. Mr. Vasquez did not file his complaint against Officer Gross until 2008, more than two years after he allegedly learned about the pretrial diversion.[7]
The Supreme Court has made clear that even under the judicial screening procedures set up in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq., to screen out meritless § 1983 prisoner complaints, there is no heightened pleading requirement and a pro se plaintiff does not have to anticipate affirmative defenses in his complaint. Jones v. Bock, 549 U.S. 199, 212-13, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In so doing, the Court nevertheless recognized the long-standing rule that “[i]f the allegations ... show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.” Id. at 215, *1097 127 S.Ct. 910. See Fratus v. DeLand, 49 F.3d 673, 674-75 (10th Cir.1995) (district courts have the authority to raise the statute of limitations affirmative defense sua sponte when it is “clear from the face of the complaint [and is] rooted in adequately developed facts.”).
But a statute of limitation is subject to tolling and nothing in Mr. Vasquez’s complaint indicates that he would have no meritorious tolling argument. In fact, Mr. Vasquez is incarcerated at the Larned Mental Health Correctional Facility, Order II at 1, raising the implication that he might be entitled to tolling for a mental disability. See Fratus, 49 F.3d at 675 (reversing sua sponte dismissal of prisoner suit where tolling of statute of limitations for mental incompetency was possible); Biritz v. Williams, 262 Kan. 769, 942 P.2d 25, 30 (1997) (Kan. Stat. Ann. § 60-515 “tolls the statute of limitations for any person who is incapacitated at the time the cause of action accrues or at any time during the period the statute of limitations is running.”).
While the Supreme Court has said in the habeas context that “district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner’s habeas petition,” Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), the Court held that “[o]f course, before acting on its oum initiative, a court must accord the parties fair notice and an opportunity to present their position,” id. at 210, 126 S.Ct. 1675 (emphasis added). In applying Jones and Day in Kilgore v. Attorney Gen. of Colo., 519 F.3d 1084, 1086-89 (10th Cir.2008), we addressed a situation where the district court had dismissed a prisoner’s habeas action for failing to sufficiently respond to the court’s order that he provide information to establish that the one-year statute of limitations was tolled. The prisoner asserted that he had tried without success to obtain the necessary information from the state. In reversing, we held “that a § 2254 petitioner does not bear a heightened burden of pleading timeliness in his application. Consequently, the court may not dismiss the petition sua sponte simply because it lacks sufficient information to determine whether the application has been timely filed.” Id. at 1089.
We think the aforementioned authorities support our conclusion that a district court may not sua sponte dismiss a prisoner’s § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue. See Abbas v. Lt. Dixon, 480 F.3d 636, 640 (2d Cir.2007) (applying Jones and holding that where “the District Court could not tell from the face of Abbas’s complaint whether he might have meritorious tolling arguments ... the District Court should not have dismissed Abbas’s complaint on the basis of an anticipated statute-of-limitations defense without granting Abbas notice and an opportunity to be heard.”). When a district court believes it is likely that a pro se prisoner’s § 1983 complaint is dismissible on the basis of the state’s statute of limitations, the court may issue a show cause order giving the plaintiff an opportunity to explain why the statute of limitations should be tolled. See Street v. Vose, 936 F.2d 38, 41 n. 5 (1st Cir.1991) (suggesting same).[8] Because it is not clear *1098 from the face of Mr. Vasquez’s complaint that no state tolling provision was applicable to cure his timeliness problem and he was not given notice and an opportunity to address the issue, we reverse the district court’s alternative holding that Mr. Vasquez’s complaint against Officer Gross was dismissible on the basis of the statute of limitations.
V.
For the foregoing reasons, we REVERSE the district court’s dismissal of Mr. Vasquez’s complaints against both Officer Stark (No. 08-3121) and Officer Gross (No. 08-3134) and REMAND for further proceedings in accordance with this opinion.

. In May 2005, following a jury trial, Mr. Vasquez was convicted on multiple counts, including three counts of first degree murder. The § 1983 claims before us do not stem from his 2005 convictions or the events leading up to them. Mr. Vasquez is currently an inmate at the Larned Mental Health Correctional Facility.

. Mr. Vasquez alleged that he learned about the diversion agreements when they were presented in court during his 2005 trial.

. The district court also held that it "interprets this action to assert claims of constitu *1095 tional violations. Although plaintiff appears to challenge the validity of the diversion, such a claim must be pursued in the state court.” Order II at 3. The court noted: “The court offers no opinion on whether any state court remedies remain available to the plaintiff, as it appears the events occurred nearly ten years prior to the filing of this action.” Id. at 3 n. 2.

. The charge of disorderly conduct was dismissed on August 27, 1998. See Rec. II, exh. 2 (state court order approving second diversion agreement).

. In Butler, 482 F.3d at 1279, we permitted the petitioner to bring a § 1983 action seeking damages based on the officer’s conduct during his arrest where the resulting charges *1096 were later dismissed as part of a plea agreement regarding other unrelated charges. We reasoned that Heck was inapplicable because with respect to the dismissed charge "[tjhere [wa]s no related underlying conviction ... that could be invalidated by Mr. Butler’s § 1983 action.” Id.

. Compare, e.g., Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir.2007) (applying Heck to bar petitioner’s § 1983 action challenging the length of his imprisonment where habeas relief was no longer available), Gilles v. Davis, 427 F.3d 197, 209-10 (3d Cir.2005) (applying Heck to bar § 1983 action challenging on First Amendment grounds his arrest for disorderly conduct although plaintiff had no recourse to habeas action), Randell v. Johnson, 227 F.3d 300, 300-01 (5th Cir.2000) (applying Heck to bar § 1983 action where petitioner was ineligible to obtain habeas relief because he was no longer in custody), and Figueroa v. Rivera, 147 F.3d 77, 79-80 (1st Cir.1998) (applying Heck to bar § 1983 action brought by heirs of former inmate whose habeas petition was dismissed as moot following his death), with Wilson v. Johnson, 535 F.3d 262, 264, 267-68 (4th Cir.2008) (holding Heck does not bar relief for petitioner seeking monetary damages for past confinement where it was no longer possible for petitioner to satisfy the favorable termination requirement via habeas corpus), Powers v. Hamilton County Public Defender Comm’n, 501 F.3d 592, 598, 601-03 (6th Cir.2007) (holding Heck inapplicable where petitioner was incarcerated for less than thirty days and thus could not bring a challenge under the habeas corpus statute), and Nonnette v. Small, 316 F.3d 872, 874, 876 (9th Cir.2002) (holding Heck does not bar parolee seeking damages for unconstitutional deprivation of good-time credits where habe-as unavailable because petitioner had already served the term resulting from parole revocation).

. When we appointed counsel for Mr. Vasquez on this appeal, we asked him to address only the Heck matter. Hence, we have no briefing from either party on the statute of limitations question.

. The dissent believes that the district court's order of dismissal provided Mr. Vasquez sufficient notice to raise any tolling argument. But that ignores the Supreme Court’s admonition in Day that “before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions,” 547 U.S. at 210, 126 S.Ct. 1675, as *1098 well as our long-standing rale that a prisoner complaint is dismissed sua sponte on statute of limitations grounds only so long as the defense is "patently clear from the face of the complaint” and "rooted in adequately developed facts,” Fratus, 49 F.3d at 675. Cf. Kilgore, 519 F.3d at 1086-89 (applying the same rule in habeas cases).