**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2322
_____

RICHARD AUGUST RHOADS,
                                        Appellant

v.

STATE OF MARYLAND JUDICIARY; BANK OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01913)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2013
Before:  JORDAN, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 15, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se Appellant Richard August Rhoads appeals from the District Court's order

sua sponte dismissing his complaint.  For the reasons set forth below, we will affirm the

District Court's order.

I.

We agree with the District Court that Rhoads' complaint is unclear and that it is difficult to discern the bases of his claims. Nonetheless, we have repeatedly emphasized that, when addressing the claims of a pro se litigant, we have a special obligation to construe his submissions liberally. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted). That an appellant's filings are difficult to understand does not relieve us or opposing counsel of the duty to try to discern what he wishes to challenge. Id. With that in mind, it appears that Rhoads' complaint, filed in April 2013 against the State of Maryland Judiciary and the Bank of America, arises from two foreclosure actions brought by Bank of America in the beginning of 2003 against Rhoads in Maryland, which ultimately led to Rhoads' eviction from his mobile home in March 2003.[1] In August 2003, Rhoads was stopped by a police officer for what Rhoads has described as an "illegal traffic stop." For reasons unknown on the present record, Rhoads had to serve eighteen months of supervised probation as a result of the traffic stop. In his brief, Rhoads alleges that his probation officer would not allow him to be involved in any court activity, despite the fact that he "tried to convince her that [he] needed to file a civil claim to recover [his] property and the damages they caused [him]."

---

[1] In January 2003, Bank of America initiated the first foreclosure action, which resulted in judgment in favor of Rhoads. According to the complaint, a week later, Bank of America initiated a second foreclosure action against Rhoads, which ultimately led to his eviction.

2

Ultimately, Rhoads filed a "counter complaint" in the second foreclosure case in 2009. In the present lawsuit, Rhoads complains that his 2009 claims were not properly managed by the Maryland court, and he alleges that Bank of America and its attorneys misled the court and filed motions that contained "scandalous" and "slanderous" accusations. Rhoads' claims were dismissed after a trial in April 2010, and his appeal was dismissed because his brief did not comply with the applicable court rules.

We agree with the District Court that Rhoads appears to be raising tort claims under Maryland law and that his complaint can be construed to raise due process claims under 42 U.S.C. § 1983. Rhoads also asks the Court to "make a full review" of the Maryland cases. Based on these claims, the District Court sua sponte dismissed Rhoads' complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). This appeal followed.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of Rhoads' complaint for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Id. In order to survive dismissal under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  In deciding whether the District Court's dismissal of Rhoads' complaint was proper, we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

III.

We will affirm the District Court's dismissal of Rhoads' complaint.  First, to the extent that Rhoads seeks review of the Maryland court decisions issued against him, the District Court was correct in asserting that the Rooker-Feldman doctrine precludes it from exercising jurisdiction over those claims.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010) (the Rooker-Feldman doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments.").  Second, absent a waiver, the Eleventh Amendment "make[s] states generally immune from suit by private parties in federal court. . . . This immunity extends to state agencies and departments."  MCI Telecomm. Corp. v. Bell Atl. Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001).  Maryland has not waived its Eleventh Amendment immunity with respect to Rhoads' claims and, thus, his claims against Maryland and its judiciary fail.  See, e.g., Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 397 (4th Cir. 1990) ("Appellant has not suggested to this Court that Maryland has waived its immunity to actions brought in federal court, nor have we discovered any such waiver.  The waiver of sovereign immunity in the Maryland Torts Claims Act clearly limits the state's waiver of immunity to actions brought in the Maryland state courts.").

4

Turning to Rhoads' claims against Bank of America, to the extent that he is asserting any constitutional claims, the District Court properly dismissed these claims because Bank of America is not a state actor for purposes of § 1983. See Groman v. Township of Manaplan, 47 F.3d 628, 638 (3d Cir. 1995) ("there is no liability under § 1983 for those not acting under color of law."). See also, Apao v. Bank of New York, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that a bank using non-judicial foreclosure procedure provided by state law was not a state actor for § 1983 purposes).

With respect to any potential state law claims against Bank of America, including malicious abuse of process, abuse of process, and conversion, the District Court correctly concluded that Rhoads did not state any timely claims against Bank of America under Maryland law because the claims are governed by a three-year statute of limitations under Maryland law. See Md. Code Ann., Cts. & Jud. Proc. § 5-101. The events at issue occurred in 2003, and Rhoads did not bring this suit until 2013.[2] Similarly, any potential defamation claim Rhoads asserts is barred by the one-year statute of limitations. See Md. Code Ann., Cts. & Jud. Proc. § 5-105. The motions that Rhoads asserts contained "slanderous" and "scandalous" allegations were filed in April 2010 and, thus, the defamation claim is untimely. Ordinarily, the statute of limitations is an affirmative defense which must be pleaded and is subject to waiver, see Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008), but untimeliness may justify sua sponte dismissal where "it is

---

[2] Because we conclude that the suit is untimely, there is no need to discuss the specific elements of each potential claim.

clear from the face of the complaint that there are no meritorious tolling issues, or the Court has provided the plaintiff notice and an opportunity to be heard." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (3d Cir. 2009). Our review of the complaint convinces us that the District Court correctly found that any potential state law claims were clearly time-barred and that no meritorious tolling issues were present.

III.

For the foregoing reasons, we agree with the District Court that dismissal was proper. Accordingly, we will affirm.[3]

---

[3] We conclude that the District Court did not abuse its discretion in not giving Rhoads leave to amend his complaint because amending the complaint would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).