FILED
United States Court of Appeals
Tenth Circuit

March 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRUCE MARJENHOFF,

　　　　Plaintiff - Appellant,

v.

NEW MEXICO STATE POLICE; FNU
JENKINS, Sergeant, New Mexico State
Police; APRIL SILVERSMITH,

　　　　Defendants - Appellees.

No. 14-2177
(D.C. No. 1:14-CV-00364-LH-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Bruce Marjenhoff is unhappy about a speeding conviction. He appeals for

relief from the district court's order dismissing his amended complaint without

prejudice.[1] He reargues the merits of his case at length, but fails to address the

determinative procedural issue. We affirm.

---

[*]　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]　　Our jurisdiction derives from 28 U.S.C. § 1291.

In 2013, Marjenhoff was issued a speeding ticket by Sergeant Jenkins, a New Mexico state police officer. Following trial, April Silversmith, a New Mexico state magistrate judge, found Marjenhoff guilty of speeding. He appealed from that decision to a New Mexico district court. On April 7, 2014, state district judge, Louis E. DePauli, Jr., dismissed the appeal because it was untimely. That ended matters in state court.

On April 17, 2014, Marjenhoff brought this federal action under 28 U.S.C. § 1983. He alleged the New Mexico State Police and Sergeant Jenkins violated his civil rights by issuing him the speeding ticket and Magistrate Judge Silversmith and Judge DePauli violated his due process rights in resolving the case against him.[2] He requested the following relief: (1) a written apology; (2) repayment of $241 in state court costs; (3) removal of the points assessed against his driver's license; (4) federal court costs; and (5) no retaliation. *See* R. Vol. 1 at 13.

The district judge ultimately dismissed the complaint because it failed to state a claim upon which relief could be granted as to Sergeant Jenkins[3] and Magistrate Judge Silversmith was entitled to judicial immunity.[4] The dismissal was without

---

[2] Marjenhoff eventually moved and the court granted his motion to dismiss Judge DePauli.

[3] The judge relied on *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[4] *See* 28 U.S.C. § 1915(e)(2) (The court must screen an IFP case and "dismiss the case . . . if the court determines that . . . the action or appeal [] (1) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

prejudice and Marjenhoff was afforded the opportunity to file an amended complaint, which he did. However the amendment failed to cure the defects in the original complaint so it was dismissed as well, again without prejudice.

"Like dismissals under Rule 12(b)(6), we review *de novo* a district court's . . . dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). Because Marjenhoff is pro se, we liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Unfortunately, Marjenhoff never explains why the dismissals for failure to state a claim were error. Instead, he retreats to arguing the merits of the underlying speeding case decided against him. The failure to argue or explain any error on the relevant issues means Marjenhoff has forfeited his right to appellate review. *See Yang*, 525 F.3d at 927 n.1 (holding pro se litigants are required to comply with the requirements of the Federal Rules of Appellate Procedure).

Affirmed. The district court granted Marjenhoff's motion to proceed IFP on appeal. We have not revisited the matter, but only prepayment of fees is excused.

Marjenhoff is required to immediately pay all filing and docketing fees to the clerk of the district court.[5]

                                        Entered for the Court


                                        Terrence L. O'Brien
                                        Circuit Judge

---

[5] In their response brief, appellees request their "attorney's fees and costs for defending against this frivolous appeal." Aplee. Br. at 6. We deny the request because there is not a "separately filed motion" as required by Fed. R. App. P. 38.