**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES THOR KIRK,

     Plaintiff - Appellant,

v.

DOCTOR ROLANDO FLORES;
VALENCIA COUNTY DETENTION
CENTER; VALENCIA COUNTY
MEDICAL CARE; COUNTY OF
VALENCIA; BOARD OF VALENCIA
COUNTY COMMISSIONERS; RANDY
GUTIERREZ, Valencia County Detention
Center Officer,

     Defendants - Appellees,

and

OFFICER JEFFREY BURKE;
UNIVERSITY OF NEW MEXICO
HOSPITAL; NEW MEXICO STATE
POLICE; UNIVERSITY HOSPITAL
DOCTORS; STATE OF NEW MEXICO;
UNNAMED ADMINISTRATORS; PAUL
LOPEZ; HALEY CAGE, Officer,

     Defendants.

No. 15-2219
(D.C. No. 1:12-CV-01157-JAP-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

                                             (continued)

———————————————————

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.

———————————————————

James Thor Kirk crashed his automobile while fleeing at high speeds from police in Los Lunas, New Mexico. Afterward, he was taken to the hospital, treated for hand and knee injuries, and released to the Valencia County Detention Center. He later filed this 42 U.S.C. § 1983 action against individuals and entities involved in his apprehension and subsequent medical care.[1] The district court dismissed several of Kirk's claims sua sponte under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), entered summary judgment on qualified-immunity grounds on another claim, and later certified the resulting judgment as final. Acting pro se, Kirk appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Preliminarily, we note that Kirk fails to assert any specific argument as to how the district court erred. Instead, he appears to repeat the allegations of his complaint. Although we liberally construe a pro se appellant's filings, arguments not made in the opening brief are waived. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). While we could affirm on that basis alone, proceeding to the merits, we conclude the district court did not err.

———————————————————

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Kirk filed four complaints before the district court directed that no further complaints be filed without prior approval.

## I.  Section 1915(e)(2) & Rule 12(b)(6) Dismissals

We review de novo the district court's sua sponte dismissal of a claim, whether it was dismissed pursuant to § 1915(e)(2)(B)(ii) or Rule 12(b)(6).  *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).  In conducting our review, "we accept as true the well-pleaded factual allegations" and consider whether Kirk has provided "enough facts to state a claim to relief that is plausible on its face."  *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (internal quotation marks omitted).[2]

First, we conclude that the district court properly dismissed Kirk's claims of inadequate medical care against the Valencia County defendants (Valencia County, Valencia County Detention Center, Board of Valencia County Commissioners, and Valencia County Medical Care) because Kirk didn't allege an injury resulting from an unconstitutional policy or custom.  *See Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) ("To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."). At most, Kirk based the County defendants' § 1983 liability on the actions of a nurse practitioner, Rolando Flores, who worked at the detention center as an independent contractor.  But a respondeat superior theory of liability is insufficient to state a claim for relief against the county defendants.  *See Mocek v. City of Albuquerque*,

---

[2] "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (internal quotation marks omitted).

813 F.3d 912, 933 (10th Cir. 2015) (stating that "[a] municipality is not liable solely because its employees caused injury," but rather, because the municipality, "[t]hrough its [own] deliberate conduct, . . . [was] the moving force behind the injury" (emphasis and internal quotation marks omitted)).

We further conclude that the district court properly dismissed Kirk's claim against booking officer Randy Gutierrez, as Kirk alleged no wrongdoing by Gutierrez. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). Kirk alleged only that Gutierrez said Kirk was in a booking cell for several days or weeks without showering or eating properly.

Despite filing multiple complaints, Kirk failed to remedy these pleading deficiencies. Consequently, the district court properly dismissed the claims against the Valencia County defendants and Gutierrez without providing Kirk further opportunities to amend the complaint. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (internal quotation marks omitted)).

## II. Summary Judgment

Kirk also challenges the district court's grant of summary judgment to defendant Rolando Flores based on qualified immunity. The record reveals that Nurse Flores saw Kirk on ten occasions from October 2010 to June 2012, treating his right-hand pain and headaches with pain relievers, muscle relaxants, and a migraine medication. In his third

4

amended complaint, Kirk alleged that Flores provided inadequate medical care, resulting in diminished hand and memory function. He elaborated in later filings that Flores failed to ensure he made it to an appointment at an orthopedic hand clinic and failed to order a CT scan of his head. The district court found no evidence showing that Kirk suffered a sufficiently serious deprivation of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994) (stating that a plaintiff asserting a deliberate indifference claim must show that (1) the deprivation was objectively sufficiently serious and (2) the defendant disregarded a known or obvious risk to the plaintiff's serious medical needs). Accordingly, the district court granted Flores summary judgement on the grounds of qualified immunity.

We review de novo to ascertain whether there is a genuine dispute as to any material fact and whether Flores is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Koessel v. Sublette Cty. Sheriff's Dep't*, 717 F.3d 736, 742 (10th Cir. 2013). To avoid qualified immunity, Kirk had to show "(1) a violation of a constitutional right (2) that was clearly established." *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). Kirk's deliberate-indifference claim fails the first prong. Specifically, the evidence in the record shows only Kirk's disagreement with the course of medical care provided by Flores. But such a disagreement doesn't state a constitutional violation. *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (indicating that a doctor's failure to pursue the inmate's preferred course of treatment doesn't, by itself, constitute a sufficiently serious medical deprivation); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (observing that "[a] medical decision not to order an X-ray, or like measures, does

5

not represent [a constitutional violation]"); *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (stating that a medical need is sufficiently serious if a "physician [h]as mandat[ed] treatment" or it is "obvious [to] even a lay person"). And even assuming that Flores was somehow responsible for Kirk missing his hand appointment, the record contains no evidence showing that Flores was anything more than negligent. Medical negligence doesn't qualify as a constitutional violation. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). The district court properly granted Flores summary judgment.

## CONCLUSION

We affirm the judgment of the district court, deny Kirk's request for relief resembling a default judgment, and grant Kirk's motion for leave to proceed without prepayment of fees. But we remind him of his continuing obligation to make partial payments until the filing fee is paid in full.

Entered for the Court


Nancy L. Moritz
Circuit Judge