FILED
United States Court of Appeals
Tenth Circuit

September 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

REJEANIA LOUISE MILLER,

    Plaintiff - Appellant,

v.

TRACY FORD; JACQUELINE
GARRETT-KING; RICKEY W.
MOHAM, Warden presiding in lieu of
previous Warden; MILLICENT
NEWTON-EMBRY,

    Defendants - Appellees.

No. 16-6289
(D.C. No. 5:14-CV-01124-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

---

This is a pro se §1983 civil rights appeal. Plaintiff Rejeania Miller was an inmate

at the Mabel Bassett Correctional Center (MBCC) in McCloud, Oklahoma. (Plaintiff has

since been transferred.) Plaintiff filed a complaint in October 2014 against several

MBCC employees. Plaintiff presented several claims, stemming from incidents—some

quite serious, some less so—that allegedly occurred between 2010 and 2012.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

The case was referred to a magistrate judge, who screened Plaintiff's complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The magistrate judge issued a Report and Recommendation (R&R), recommending that the complaint be dismissed for failure to state a claim because Plaintiff's claims were barred by the statute of limitations. Plaintiff filed an objection and an amended complaint. After reviewing the amended complaint, the magistrate judge made the same recommendation for the same reason: dismissal, because the claims were time-barred. The district court adopted the recommendation and dismissed the case. Plaintiff filed this timely appeal.

"Like dismissals under Rule 12(b)(6), we review de novo a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). Under § 1915(e)(2), the district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). However, the "district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, **or** the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo*, 589 F.3d at 1097 (emphasis added). "When a district court believes it is likely that a pro se prisoner's § 1983 complaint is dismissible on the basis of the state's statute of limitations, the court may [give] the plaintiff an opportunity to explain why the statute of limitations should be tolled." *Id.*

Here, Plaintiff's complaint was clearly not filed within the two-year statute of limitations. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) ("The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose . . . and in Oklahoma, that period is two years. 12 Okla. Stat. tit. 12, § 95(A)(3)." (internal citation omitted)). However, the complaint does not on its face foreclose the possibility of equitable tolling. Thus, the court was required to provide Plaintiff with notice and an opportunity to explain why the statute of limitations should be tolled before dismissing the complaint for failure to state a claim under § 1915(e)(2). The court fulfilled this requirement; Plaintiff was provided with such an opportunity. In the first R&R, the magistrate judge advised Plaintiff of her right to file an objection, and specifically noted that "Plaintiff may present any arguments she has for tolling of the statute of limitations and, at that time, provide any documents or other evidence that would support those arguments." *Miller v. Ford*, No. CIV-14-1124-R (W.D. Okla. Nov. 26, 2014). As noted above, Plaintiff filed an objection and, shortly thereafter, an amended complaint. Neither, however, was responsive to this instruction.

Out of an abundance of caution, and construing the amended complaint liberally, the magistrate judge nonetheless addressed an argument for equitable tolling for the time Plaintiff spent exhausting her administrative remedies. There were two problems with this potential argument: First, Oklahoma law, which governs, permits tolling only in limited situations, none of which are applicable. Second, even if Oklahoma law did permit tolling under these circumstances, Plaintiff's claims would still be untimely. On

appeal, Plaintiff does not present any arguments against these dual determinations. Nor do we, reviewing them de novo, find any fault.

Plaintiff also sought to enjoin future violations of the constitutional and natural rights of female inmates at MBCC. The magistrate judge recommended dismissing this claim because, among other reasons, Plaintiff failed to allege an ongoing problem. Since the filing of the complaint, Plaintiff has been transferred from MBCC. "When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness." *Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. Moreover, this requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks, citation, and brackets omitted). "Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Jordan*, 654 F.3d at 1027. That is the case here. We, therefore, dismiss this claim as moot.

Accordingly, we **AFFIRM** the district court's order.  We **GRANT** Plaintiff's motion to proceed *in forma pauperis.*

Entered for the Court


Monroe G. McKay
Circuit Judge