**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1928
_____

WILLIAM ELLIS, JR.,
                                                                  Appellant

v.

BERKS COUNTY POLICE DEPARTMENT;
THOMAS H. XAVIOS; COUNTY OF BERKS;
OFFICER  BUCK, Reading Police; PETE J. KARPOVICH;
JUDICAL CONDUCT BOARD; DISTRICT ATTORNEY BERKS COUNTY
ADAM MCNAUGHTON; ROBERT A. GRACI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-21-cv-01874)
District Judge:  Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2021
Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 24, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant William Ellis, Jr., appeals from the District Court's order dismissing his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm the District Court's judgment.

In the District Court in April 2021, Ellis submitted an application to proceed in forma pauperis and a complaint against the defendants under 42 U.S.C. § 1983 for violations of his rights under the Fourth, Fifth, and Fourteenth Amendments. He alleged the following about events on and around "Thursday, August 20, 2015." Compl. 3, ECF No. 2.[1] On August 19, he called the Reading Police Department after being assaulted by Chardonnay Winston. Compl. 3; ECF No. 2-1 at 41, 43. Ellis was arrested and charged based on the incident and spent one night in jail before bail was posted. ECF No. 2-1 at 26-32.[2] The charges were dismissed on September 4. ECF No. 2-1 at 31-32. Ellis attempted to initiate a private prosecution against Winston, but the Berks County District Attorney's Office declined to file charges against her and informed Ellis of this decision in a September 2 letter.[3] ECF No. 2-1 at 22. Ellis later filed a complaint with

---

[1] Ellis attached several documents to his complaint. We may consider these documents on which Ellis based his claims. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

[2] The court records Ellis attached to his complaint indicate that he was arraigned on August 20 and confined until August 21. ECF No. 2-1 at 26-32. Ellis also submitted hospital records indicating that he was treated on the evening of August 20. ECF No. 4. The hospital records do not indicate if Ellis was in custody at the time, but any potential discrepancy between these documents is not ultimately material.

[3] While the complaint is unclear, Ellis also apparently alleged that he later faced separate contempt-of-court charges for allegedly violating a protection-of-abuse order regarding Winston. Ellis claimed that he was required to serve 23 months probation, pay $5,000 in

Pennsylvania's Judicial Conduct Board against a judge who presided in his case. On November 14, 2017, the Board dismissed the complaint with a letter of caution and notified Ellis. ECF No. 2-1 at 25.

The District Court granted Ellis's application to proceed in forma pauperis and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court held that Pennsylvania's two-year statute of limitations on personal injury actions barred all of Ellis's § 1983 claims because those claims accrued more than two years before he filed his complaint. Concluding that the time-bar made amendment futile, the District Court dismissed the complaint with prejudice.[4]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5] Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We may

---

fines, and attend "drug test programs." Compl. 4.

[4] The District Court also noted other deficiencies in the complaint. Specifically, the District Court noted that Ellis named some defendants not subject to suit under § 1983 and some entitled to prosecutorial, judicial, or Eleventh Amendment immunity, and failed to allege sufficient facts tying several defendants to the alleged constitutional violations. Ellis does not address these deficiencies on appeal.

[5] Ordinarily, the statute of limitations is an affirmative defense that must be pleaded and that is subject to waiver. See Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008). But, for the claims for which a time-bar and the absence of meritorious tolling issues were obvious from the face of the complaint, the District Court could properly dismiss them as time-barred sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii). See Jones v. Bock, 549 U.S. 199, 215 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009).

affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

On appeal, Ellis argues that his claims are not time-barred because he could not have known about "the violation" until he received the docket transcripts from his criminal case stemming from the August 2015 incident. Appellant's Br., 3d Cir. ECF No. 4 at 1. He alleges that he did not receive these docket transcripts until April 2021 and that he only then discovered that he had been the defendant in that proceeding.

"The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). This statute of limitations begins to run when the plaintiff knew or should have known of the injury on which the action is based. Id. This "is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." Id.

Even if we accept Ellis's dubious claim that he was subjectively unaware that he was a criminal defendant during the 2015 proceedings, a reasonable person should have known that fact. Ellis spent a night in jail before being released on bail through the services of a professional bondsman. ECF No. 2-1 at 30. Ellis was necessarily aware of his own arrest and incarceration in August 2015 and should have known he was being treated as a defendant. Furthermore, when the District Attorney's Office declined to prosecute Winston in September 2015, defendant Adam McNaughton told Ellis that "I have determined that the Reading Police Department investigated this alleged incident and determined this Complainant to be at fault and he was charged with simple assault."

4

ECF No. 2-1 at 22. Ellis was thus told he was a criminal defendant in September 2015, and any claims based on his arrest, detention, and prosecution accrued more than two years before he initiated this action.

Ellis similarly was aware or should have been aware of any claims accruing from the refusal to prosecute Winston and the results of the Judicial Conduct Board investigation long before bringing this action. He has not disputed that, as his exhibits show, he was informed of the District Attorney's Office refusal to pursue charges against Winston in September 2015 and of the Judicial Conduct Board's decision to dismiss his ethic complaint in November 2017. All of Ellis's claims relating to these events are time-barred because he knew or should have known of his alleged injuries more than two years prior to submitting his complaint. In light of this clear legal bar, the District Court did not err in determining that amendment would be futile as to these claims.[6] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the judgment

---

[6] To the extent that Ellis sought to present a claim that the defendants' actions (or inaction) resulted in his facing contempt-of-court charges at some later (undisclosed) time, his claim may not be time-barred. However, among other problems with this claim, Ellis did not allege that any of the defendants were directly involved with those charges or punishment. And he did not state a claim by contending that "[i]f my charges were filed and Chardonnay Winston being on probation[,] [s]he would have been arrested and could not have me arrested on false contempt to [sic] court charges." Compl. 4. The defendants could not violate Ellis's constitutional rights by declining to prosecute Winston or permitting her to be free to file a claim against him at a later date. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Dismissal of that claim with prejudice also was appropriate.