**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TOMAS MARS GARCIA,

    Plaintiff - Appellant,

v.

GENE GRABOWSKI; TERRY JAQUES;
DEAN WILLIAMS; PAULA ALCORN;
CYNTHIA GIERSDORF; CARL
STEINKE; KEITH BORDERLON; JOE
COLPITTS; JOHN AND JANE DOES,

    Defendants - Appellees.

No. 24-1042
(D.C. No. 1:22-CV-01587-LTB-SBP)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiff Tomas Mars Garcia, a Colorado state prisoner appearing pro se, appeals from the district court's dismissal of the 42 U.S.C. § 1983 civil rights action he filed against state correctional officials. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In April 2022, Garcia, who was then an inmate at the Limon Correctional Facility (LCF) in Limon, Colorado, filed a pro se complaint in Colorado state court against two officials at LCF, the executive director of the Colorado Department of Corrections (CDC), and unnamed employees of LCF and CDC. The complaint alleged a variety of misdeeds by defendants, including, for example, moving Garcia from a minimum custody facility to LCF without justification, embezzlement of his prison account funds, and failing to make necessary repairs to the facilities at LCF. Garcia alleged, in relevant part, that defendants' actions and/or negligence violated his constitutional rights to freedom of speech and assembly, due process, and to be free from cruel and unusual punishment.

The named defendants removed the case to federal district court and argued the case "should be construed as one being brought under 42 U.S.C. § 1983." R. at 9–10. The district court agreed and concluded removal was proper under 28 U.S.C. § 1441(a). The district court screened the complaint pursuant to 28 U.S.C. § 1915A and concluded it did "not assert any clear claims" and thus failed to "comply with Rule 8 of the Federal Rules of Civil Procedure." *Id.* at 245. The district court ordered Garcia to file an amended complaint on a court-approved prisoner complaint form within thirty days.

Garcia filed an amended complaint on a court-approved prisoner complaint form. The amended complaint alleged three claims for relief: (1) that defendants charged Garcia excessive fees for double-sided copies of state administrative

2

regulations; (2) that defendants tampered with Garcia's legal mail by tearing off certified mail labels on outgoing envelopes and replacing those labels with priority mail labels, and also by improperly weighing Garcia's outgoing legal mail; and (3) that defendants destroyed Garcia's "family color pictures and alter[ed] the color picture to black and white." *Id.* at 263. Garcia requested $250,000 in damages for each of these claims.

The magistrate judge screened the amended complaint pursuant to 28 U.S.C. § 1915A and recommended that it be dismissed for a number of reasons. To begin with, the magistrate judge concluded that, to the extent the amended complaint asserted claims against LCF and CDC employees in their official capacities, those claims were subject to dismissal under the Eleventh Amendment. The magistrate judge in turn concluded that the first claim in the amended complaint was subject to dismissal as frivolous because Garcia did not allege that he needed the copies for any specific legal proceeding or case and also did "not complain that his access to the courts was unduly hampered because he was charged 50 cents per page" for the copies. *Id.* at 342. As for the second and third claims, both of which related to defendants' handling of Garcia's mail, the magistrate judge concluded that Garcia's allegations of wrongdoing were "vague and conclusory" and failed "to show that Defendants acted in a manner unrelated to a legitimate penological interest, in violation of his First Amendment rights." *Id.* at 344–45. The magistrate judge therefore recommended that those claims be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

After allowing Garcia to file written objections to the magistrate judge's recommendation, the district court reviewed and adopted the recommendation. The district court therefore dismissed the first claim in the amended complaint "with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1)," and dismissed the second and third claims "without prejudice for failing to comply with Fed. R. Civ. P. 8." *Id.* at 398.

Garcia now appeals.

II

Garcia challenges only the district court's dismissal of the first claim in his amended complaint. We review de novo a district court's dismissal of a claim or complaint under 28 U.S.C. § 1915A(b)(1). *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). Because Garcia is proceeding pro se, we liberally construe his pleadings but "will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Section 1915A(a) requires a district court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) in turn requires a district court to dismiss the complaint or any portion of it that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

In his appellate brief, Garcia essentially repeats the allegations that were contained in the first claim of his amended complaint. That claim, as we have noted,

4

alleged that defendants violated Garcia's First Amendment rights by overcharging him for copies of state administrative regulations he requested. Notably, Garcia did not allege that he needed the copies for use in connection with any legal proceeding or disciplinary hearing. *See Requena v. Roberts*, 893 F.3d 1195, 1208–09 (10th Cir. 2018). Nor did Garcia allege that the excessive charges otherwise hampered his access to the courts. In short, Garcia failed to tie the alleged overcharging to any protected First Amendment activity. We therefore conclude the district court appropriately dismissed the claim as frivolous under § 1915A(b)(1).

III

The judgment of the district court is affirmed. Garcia's motion for leave to proceed on appeal in forma pauperis is denied. His "Supplemental for Appointment of Counsel" is also denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge