FILED
United States Court of Appeals
Tenth Circuit

August 28, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MATTHEW AARON ESCALANTE,
as father and natural parent of minor
S.J.E.,

      Plaintiff - Appellant,

v.

CITY OF GARDNER, KANSAS;
GARDNER POLICE
DEPARTMENT,

      Defendants - Appellees.

No. 24-3058
(D.C. No. 2:23-CV-02529-JWB-TJJ)
(D. Kans.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

This appeal involves civil claims growing out of a domestic case in

state court. The plaintiff, Mr. Matthew Escalante, sued a city and its police

---

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and Mr. Escalante's appeal brief.
*See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

department.[1] The district court summarily dismissed the action for failure to state a valid claim,[2] and Mr. Escalante appeals.[3]

Mr. Escalante asserted claims under

- 42 U.S.C. § 1983,

- 42 U.S.C. § 1986, and

- 18 U.S.C. § 242.

To determine whether the district court erred, we conduct de novo review.[4]

We conduct de novo review based on Mr. Escalante's challenges to the district court's rulings. But we're handicapped in that review because Mr. Escalante hasn't mentioned the dismissal of his claims under § 242 or

---

[1]     Mr. Escalante also sued unidentified representatives of the city, but they're not parties to the appeal.

[2]     *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii).

[3]     The district court also dismissed the action as frivolous, and Mr. Escalante disagrees with this characterization. For these characterizations, the parties appear to rely on their arguments involving the statement of a valid claim.

[4]     *See Kay v. Bemis*, 500 F.3d 1214, 1217–1218 (10th Cir. 2007) (applying the "same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rules of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim"); *see also Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009) ("[W]e review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding.").

2

§ 1986. Despite Mr. Escalante's pro se status, we can't reverse when the appellant hasn't said what the district court did wrong.[5]

Mr. Escalante does mention his claim under § 1983. But he doesn't say how the district court erred in its handling of this claim. He instead makes conclusory assertions and lodges accusations of corruption against the state court. But the state court isn't a party, and Mr. Escalante doesn't explain how corruption in state court would undermine a ruling in federal court.

On appeal, Mr. Escalante also argues that he is entitled to relief under 18 U.S.C. § 2265. But Mr. Escalante didn't assert this claim in district court, and he doesn't explain how § 2265 would entitle him to relief.

We therefore affirm the dismissal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[5]    *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).