FILED
United States Court of Appeals
Tenth Circuit

June 26, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JARED WALL,

     Plaintiff - Appellant,

v.

TANNER CLINIC; MARC ANDERSON,
M.D.; TANNER CLINIC LABS;
THERON STOKER, COO; TANNER
CLINIC RADIOLOGY; MARSHALL A.
McKINNON, CEO; JASON KIRKHAM,
M.D.,

     Defendants - Appellees.

No. 17-4028
(D.C. No. 1:16-CV-00046-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Jared Wall appeals the district court's dismissal of his pro se complaint for

lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Wall filed a complaint in federal court against the Tanner Clinic, along with

several of its employees and related entities, alleging medical malpractice. On his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

civil cover sheet, he indicated that all parties are Utah residents and checked a box for federal question jurisdiction. The defendants filed motions to dismiss for lack of subject matter jurisdiction. In his response to those motions, Wall complained that a similar lawsuit he previously filed in state court was dismissed for failure to comply with the Utah Health Care Malpractice Act, Utah Code § 78B-3-412. Related to these complaints, he referenced his right to due process under the U.S. and Utah Constitutions. A magistrate judge recommended that the complaint be dismissed for lack of jurisdiction. After Wall failed to file objections, the district court adopted the recommendation. Wall timely appealed.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. Pueblo of Jemez v. United States, 790 F.3d 1143, 1151 (10th Cir. 2015).[1] "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972). We agree with the district court that Wall's complaint fails to allege any basis for jurisdiction. He does not claim that the parties are diverse, see 28 U.S.C. § 1332, and he indicated on his civil cover sheet that all parties are Utah citizens. Nor does the complaint state a substantial federal question; it merely alleges a state law medical malpractice claim. See Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th

---

[1] Failure to timely object to a magistrate judge's report and recommendation generally waives appellate review. Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008). But this rule is subject to an "interests of justice" exception. Id. Wall claims that his medical condition rendered him unable to file a timely objection. We will assume, in the interest of judicial economy, that his explanation supports application of the exception.

Cir. 2006) (jurisdiction proper under 28 U.S.C. § 1331 if "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). On appeal, as in his response to the defendants' motions to dismiss, Wall mentions his constitutional right to due process. But these vague references do not change the fact that his complaint, even when construed liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), fails to allege a federal question, see Whitelock, 460 F.2d at 514.

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge