**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BENJAMIN VELAYO,

    Plaintiff - Appellant,

v.

KEY MANAGEMENT CO.,

    Defendant - Appellee.

No. 24-3033
(D.C. No. 5:24-CV-04006-HLT-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Benjamin Velayo, proceeding pro se, filed a civil action in the United States

District Court for the District of Kansas.  He claimed he was "entitled to . . .

$100,000" from "Angie Meister or the Key Management Company" because they

caused him to "almost bec[o]me homeless."  App. at 6-7.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court granted Mr. Velayo leave to proceed *in forma pauperis* ("*ifp*"). A magistrate judge screened his pro se complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). She recommended dismissal for failure to allege a basis for subject matter jurisdiction. Mr. Velayo timely objected. The district court adopted the magistrate judge's report and recommendation, dismissed the claim without prejudice, and closed the case.

Mr. Velayo timely appealed. He argues the district court erred because Ms. Meister or someone else in the Key Management Company denied his apartment rental application based on an incorrect statement that he had been previously evicted. Aplt. Br. at 2. He alleges violations of "the law about unfair housing." *Id.* at 3.

"[W]e review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). Because Mr. Velayo appears pro se, we construe his filings liberally but do not serve as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Velayo's complaint fails to allege any basis for jurisdiction, including diversity or federal question jurisdiction. Mr. Velayo does not claim the parties are diverse, *see* 28 U.S.C. § 1332, and he indicated on his form complaint that all parties are Kansas citizens. Nor does the complaint state a federal question. *See id.* § 1331. Although Mr. Velayo checked the box in the form complaint alleging a civil-rights

violation, the complaint did not otherwise mention civil rights or reference a particular federal law.

In his brief to this court, Mr. Velayo alleges violations of "the law about unfair housing." Aplt. Br. at 3. But even if that were specific enough to show he alleges a violation of federal and not state housing law, "[a] federal court's jurisdiction must clearly appear from the face of a complaint," and he raised a violation of housing law for the first time in his appellate brief. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972); *see Wall v. Tanner Clinic*, 691 F. App'x 525, 526 (10th Cir. 2017) (holding plaintiff failed to allege diversity or federal question jurisdiction on the face of the complaint).

We affirm the district court's dismissal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge