**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENT VU PHAN,

     Plaintiff - Appellant,

v.

CHRISTOPHER C. CROSS, Judge; JOHN
L. WHEELER, Judge; STEVEN A.
MICHALEK, Attorney; ELIZABETH J.M.
HOWARD, Attorney; DOUGLAS C.
WOLANSKE, Attorney,

     Defendants - Appellees.

No. 17-1186
(D.C. No. 1:17-CV-01067-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Kent Vu Phan appeals the district court's dismissal of his

claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Americans with

Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12101–12213. We affirm.

_____

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we won't act as Phan's advocate.
*See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Phan filed two lawsuits in state court and received unfavorable judgments in both. He later brought suit in federal district court against the presiding judges and opposing counsel in those state-court actions. The district court sua sponte dismissed Phan's complaint after concluding that his claims were legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring courts to dismiss actions or appeals brought in forma pauperis (IFP) if they're frivolous). It also denied Phan leave to proceed IFP on appeal, finding the appeal wouldn't be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Phan appeals. We review *de novo* the district's court's order dismissing Phan's complaint. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).

Phan first argues that the district court erred in dismissing his claims against the state-court judges under the doctrine of judicial immunity. In most cases, judicial immunity precludes litigants from suing judges in their official capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Immunity is only overcome in two situations: (1) when judges act outside their official capacity, or (2) when they act within their official capacity but do so "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

On appeal, Phan fails to argue that either of these situations occurred here. Instead, he contends that he can sue the state-court judges because they acted "under the color of state law" in their individual capacities. Aplt. Br. 11. We disagree; judicial immunity applies to civil actions unless a judge acts without lawful jurisdiction. *See Stump*, 435 U.S at 356–57. Thus, the district court properly found these claims to be legally frivolous.

Next, Phan argues that the district court erred in dismissing his claims against the attorney defendants because—according to Phan—the attorney defendants aren't "entitled [to] qualified immunity." Aplt. Br. 12. But Phan mischaracterizes the district court's ruling. The district court didn't cite the doctrine of qualified immunity as a basis for dismissing Phan's claims against the attorney defendants. Instead, it found these claims to be legally frivolous because Phan failed to allege facts showing that the attorney defendants (1) acted in concert with government officials under § 1983, (2) retained a contractual relationship with him under § 1981, or (3) discriminated against him because of his disability in one of the three areas of public life under the ADA. Phan doesn't challenge these conclusions. And because Phan "fails . . . to explain what was wrong with the reasoning that the district court" actually relied on in dismissing his claims against the attorney defendants, we affirm that portion of the district court's order. *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

For the foregoing reasons, we affirm the district court's order. As a final matter, we deny Phan's motion to proceed IFP because he fails to present a non-frivolous argument. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (granting IFP because "appellant [made] a rational argument on the law or facts in support of the issues raised on appeal").

Entered for the Court

Nancy L. Moritz
Circuit Judge
