**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3657
_____

ROY J. DEPACK, JR.,
                                        Appellant

v.

U.S. MARSHAL GILROY;
JOHN DOE 1 THROUGH 12,
U.S. Marshal

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-17-cv-09408)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: March 13, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Roy J. DePack, Jr., proceeding in forma pauperis, appeals from the District Court's order dismissing his complaint. For the reasons discussed below, we will affirm.

I.

In October 2017, DePack filed a <u>Bivens</u> complaint alleging that his civil rights were violated when members of the United States Marshals Service executed a warrant for his arrest in New Jersey on February 5, 2013. <u>See</u> <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). DePack alleged that the defendants kicked in his hotel room door while he was sleeping and beat him up, causing him to get knocked out and lose a part of his hearing. The defendants seized his property, including his dog, clothes, laptop, iPhone, and cash. DePack claimed that the defendants' conduct violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

The District Court, acting sua sponte, <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(ii), determined that DePack's claims were filed beyond the statute of limitations, and dismissed the complaint for failure to state a claim. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal order is plenary. <u>See generally</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's conclusion that DePack's complaint failed to state a claim using the same standard that we use for Fed. R. Civ. P. 12(b)(6) dismissals. <u>See</u>

2

Allah, 229 F.3d at 223. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

Although the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), if it is obvious from the face of the complaint that a claim is barred by the applicable statute of limitations, a court may dismiss the claim sua sponte. See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). Here, the face of DePack's complaint shows that his Bivens claims are barred by the statute of limitations.

A Bivens claim is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); see also Wilson v. Garcia, 471 U.S. 261, 276 (1985) (discussing analogous § 1983 claims). In New Jersey, personal injury claims are subject to a two-year statute of limitations. See N.J.S.A. 2A:14–2; Dique, 603 F.3d at 185. Claims generally accrue, and the statute of limitations generally begins to run, when the plaintiff knew or should have known of the injury on which the claim is based. See Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Here, DePack alleged that the defendants arrested him, seized his property, and assaulted him on February 5, 2013. Therefore, DePack knew—or should have known—

3

of his Bivens claims at that time.  See Sameric, 142 F.3d at 599.  But he did not commence this action until October 2017, well beyond the running of the two-year statute of limitations.

DePack has not persuaded us that the District Court erred in dismissing his complaint with prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[1]  DePack argues that he is entitled to tolling during the pendency of an administrative tort claim that he filed with the United States Inspector General.  But his pursuit of that administrative remedy does not provide a basis to toll the statute of limitations here, as there was no requirement for DePack to exhaust any administrative remedies before bringing his Bivens claims.  See generally Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 466 (1975); McKart v. United States, 395 U.S. 185, 193 (1969) (application of the administrative exhaustion requirement "requires an understanding of its purposes and of the particular administrative scheme involved").[2]

_____

[1] Although this Court ordered the parties to brief the issue, DePack has not argued that the District Court erred in dismissing sua sponte without giving him notice and an opportunity to raise any tolling arguments.  Cf. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009) (citing Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)).  Thus, that issue is arguably waived.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).  In any event, any such error would be harmless, as DePack has failed to show that there are any meritorious tolling issues here.

[2] Because his Bivens claims do not relate to prison conditions, DePack was not required to exhaust administrative remedies in accordance with the Prison Litigation Reform Act (PLRA).  See 42 U.S.C. § 1997e.  Accordingly, his reliance on Booth v. Churner, 532 U.S. 731, 732 (2001), and Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005), which involve tolling under the PLRA, is misplaced.  Similarly, DePack cannot rely on the other authorities he cites, which involve administrative exhaustion requirements that are also inapplicable here.  See Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997)

DePack has not shown that equitable tolling is warranted here. "We have articulated three federal equitable tolling principles: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." Kach v. Hose, 589 F.3d 626, 643 (3d Cir. 2009) (quotations marks and citations omitted). DePack again points to his pursuit of an administrative tort claim with the Inspector General, but he has not shown the requisite diligence to benefit from equitable tolling. See Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) ("a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim.") (citing Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990)). DePack maintains that he has "made 5-10 phone calls" to the Inspector General in the past four years since the administrative claim was filed. But he has not shown the details of those calls, the current status of his pending claim, or, most notably, how his pursuit of the claim prevented him from filing his Bivens claims here. Cf. Santos, 559 F.3d at 198. His argument that he "got the run around" and was misled by the Inspector General is, at best, a "garden-variety claim of excusable neglect" that does not warrant equitable tolling. Id. at 196; see also Ruehl v. Viacom, 500 F.3d

_____

(involving exhaustion of Title VII claims); Thurston v. United States, 179 F.2d 514, 516 (9th Cir. 1950) (involving exhaustion for claims of negligence by seamen); 29 C.F.R. §§ 1613.201 et seq. (governing claims under the Equal Access to Justice Act).

5

375, 385 (3d Cir. 2007) (plaintiff failed to show that misleading conduct was the cause of his untimely filing).

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] The Appellee's motion to supplement the record is granted to the extent that the documents are of public record, denied as unnecessary to the extent that the documents are included in the record below, and otherwise denied. See generally Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013); Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).