FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHARLES D.J. BARNES,

     Plaintiff - Appellant,

v.

NEW MEXICO DEPARTMENT OF
CORRECTIONS; NEW MEXICO
DISTRICT COURT; NENMDF/GEO;
ECD6; U.S. DISTRICT COURT OF NEW
MEXICO/NEW MEXICO COURT; 5TH
JUDICIAL DISTRICT OF EDDY
COUNTY; EDDY COUNTY DISTRICT
COURT; CHARLES D.J. BARNES, a/k/a
Pod Porter,

    Defendants - Appellees.

No. 21-2095
(D.C. No. 1:20-CV-00935-WJ-JHR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **EID**, Circuit Judges.
_____

Charles D.J. Barnes appeals from the district court's dismissal with prejudice

of his pro se civil rights complaint for failure to state a claim under Federal Rule of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Barnes is a state inmate at a detention facility in New Mexico. *See* R. at 25. In a pro se amended complaint, Barnes purported to bring claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He named as defendants "(1) himself, as Pod Porter; (2) New Mexico District Court, NENMDF/GEO, ECD6, New Mexico Department of Corrections; (3) U.S. District of New Mexico/New Mexico Court; and (4) 5th Judicial District of Eddy County, Eddy County District Court." R. at 129. As factual support for his claims, Barnes alleged: "Inmate being falsely entrapped illegally after habeas corpus informal dismissal," stating that the relevant events occurred "[a]fter perjury/false holds against 11 U.S.C. § 14 and 11 U.S.C. § 32."[1] *Id.* at 27; *see id.* at 129. He also stated, "Facts are being in case info." *Id.* at 28. Barnes described his injuries as "Human Rights, civil rights, etc. 42 U.S.C. § 1983," and asked the district court to "[p]rovide request relief as well as release." *Id.*

The district court dismissed Barnes's amended complaint for failure to state a claim upon which relief can be granted. Noting Barnes had not named any individual defendant other than himself, the court concluded his factual averments failed to state a claim under § 1983 against any government official because he did not "specify any individualized conduct or explain how individualized official conduct resulted in

---

[1] No such statutory sections exist.

2

violation of his constitutional rights." *Id.* at 132; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (noting a § 1983 complaint must "make clear exactly *who* is alleged to have done *what* to *whom*," *id.* at 1250). It further held that the New Mexico Department of Corrections and Eddy County District Court, both of which are state agencies, were not subject to suit as "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The court construed NENMDF and ECD6 as referencing a detention facility, which it held is not a legally created entity capable of being sued under § 1983. *See Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017) (citing an unpublished Tenth Circuit decision and district court decisions holding that detention centers are not suable under § 1983). It also held that Barnes's claim against GEO, a private corporation, failed because he did not allege any constitutional violation resulting from a corporate policy or practice. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-16 (10th Cir. 2003) (holding corporation could be directly liable under § 1983 based on an unconstitutional policy or practice). Last, to the extent Barnes sought to bring a *Bivens* claim against the federal district court itself, the court concluded that claim failed because he did not sue any federal official and he could not bring such a claim against a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* to claims against federal agencies).

The district court next concluded that further amendment of Barnes's complaint would be futile because his amended complaint was devoid of factual

3

allegations that could be construed to state any civil rights claim for relief and amendment would not cure the defects in his pleading.

Finally, the district court denied all of Barnes's pending motions. It denied his motion seeking disqualification of the district court judge because Barnes presented no reasonable factual basis to question the judge's impartiality. It concluded his motions seeking release from custody lacked merit. And it denied as moot his request for mandamus relief directed to a state court.

We review de novo dismissals for failure to state a claim under Rule 12(b)(6) and § 1915(e)(2)(B)(ii). *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014) (Rule 12(b)(6)); *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009) (§ 1915(e)(2)). To avoid dismissal, "a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Robbins*, 519 F.3d at 1247 (internal quotation marks omitted). We note that a sua sponte "dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing . . . an opportunity to amend . . . would be futile." *Knight*, 749 F.3d at 1190 (internal quotation marks omitted).

Because Barnes is a pro se litigant, we liberally construe his amended complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But he still must "alleg[e] sufficient facts on which a recognized legal claim could be based." *Id.* "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury"—i.e., the who, what, and when supporting his

claims for relief.  *Id.*  We also liberally construe a pro se appellant's appeal brief, but we will not craft arguments for him.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005).

Barnes's handwritten appeal brief is difficult to read and challenging to decipher.  We can discern no coherent argument in his brief addressing any of the district court's bases for dismissing his amended complaint for failure to state a claim.[2]  Because Barnes fails to identify any error in the district court's rulings, we affirm the court's judgment dismissing his claims with prejudice.  We grant his application to proceed on appeal without prepayment of appellate fees and costs.

Entered for the Court


Allison H. Eid
Circuit Judge

---

[2] Barnes's appeal brief also fails to address the district court's decision that amendment would be futile or the court's disposition of any of his motions.  In his amended notice of appeal, Barnes appears to assert that the district court judge "knows people in my family and communicates with them illegally possibly."  R. at 145.  Even if we were to consider this contention on appeal and construe it as challenging the court's denial of Barnes's motion seeking disqualification of the judge, he did not make this allegation in his recusal motion, *see id.* at 37.  The issue was therefore not preserved in the district court.  *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." (internal quotation marks omitted)).