**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1910
_____

WAYNE HARRIS,
Appellant

v.

SERGEANT STASH, Wilkes Barre Police Department; OFFICER GATRELL, Wilkes
Barre Police Department; PUBLIC DEFENDER JOHN DONAVON; AGENT
MACGUIRE, Wilkes Barre Police Department; DETECTIVE MALLOY, Wilkes Barre
Police Department; COMMONWEALTH OF PENNSYLVANIA, Wilkes Barre, PA;
DISTRICT JUSTICE AMESBURY, Wilkes-Barre, PA; LIEUTENANT CLARK, Wilkes
Barre Township Police; OFFICER NASH, Wilkes Barre Township Police

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-01787)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2022
Before: HARDIMAN, PORTER, and MCKEE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2023)

_____

OPINION*

_____

PER CURIAM

Appellant Wayne Harris, proceeding pro se and in forma pauperis, appeals from the District Court's order sua sponte dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim, as well as the denial of his motion for reconsideration of that order. For the following reasons, we will affirm.

**I.**

In 2004, Harris, a citizen of Jamaica, filed a civil rights action against various individuals and entities alleging unlawful arrest, unlawful search, malicious prosecution, excessive force, discrimination, and other violations of his constitutional rights in connection with investigative activity occurring in 2003, including a 2003 arrest and subsequent guilty plea in Luzerne County, PA. While that complaint was pending, Harris was deported to Jamaica, where he currently resides. According to Harris, he "did not pursue his civil complaint" after his deportation. 3d Cir. ECF No. 9 at 4. The 2004 case was ultimately dismissed for failure to prosecute. See M.D. Pa. Civ. No. 3:04-cv-00802.

In October 2021, Harris filed a second civil action that is virtually identical to the civil action filed and abandoned in 2004, asserting the same claims against the same

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

parties. The only new information contained in the 2021 complaint is Harris' recounting of an alleged August 2021 phone call with the niece of a defendant. Harris alleged that, after he refused to rekindle a romantic relationship with the woman, she "angrily" stated that she had told her relatives that Harris took advantage of her sexually, that she and her relatives "plan[ned]" and "got rid" of Harris, and that her family "prison[ed] your ass and deport[ed] you." D.Ct. ECF No. 1 at 2. Harris asserted that this alleged statement indicated that "plaintiff abuse was personal as a result some of the defendants was her relative; And that the abuse to plaintiff was discrimination towards him for being black" because the woman was white. Id. at 2-3.

Pursuant to 28 U.S.C. § 1915(e)(2), Harris' complaint was screened by a Magistrate Judge, who recommended that the complaint be dismissed for failure to state a claim. See D.Ct. ECF No. 5. The Magistrate Judge noted three grounds for dismissal: (1) the action was barred by the law of the case doctrine, as the District Court already dismissed the same action in 2004 for failure to prosecute; (2) the claims were barred by the statute of limitations; and (3) Harris' claim of malicious prosecution failed as a matter of law because the underlying proceedings did not terminate in his favor, see Hector v. Watt, 235 F.3d 154, 155-56 (3d Cir. 2000). Determining that granting leave to amend would be futile, see Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), the Magistrate Judge recommended that the complaint be dismissed with prejudice. The District Court partially adopted the recommendations and dismissed the case with prejudice "on the grounds that this action is time-barred and [Harris] cannot bring a claim for malicious

3

prosecution in a case where he pleaded guilty." D.Ct. ECF No. 7 at 1. The District Court specifically declined to base its dismissal on the law of the case doctrine. See Id. at 1, n.1. Harris' subsequent motion for reconsideration was denied as untimely. Harris appeals,[1] asserting that the District Court erred in dismissing his suit as time-barred because his "newly discovered evidence" constituted an exception to the statute of limitations and excused the untimeliness of his action. 3d Cir. ECF No. 9 at 5. Harris also asserts that his malicious prosecution claim should not have been dismissed because his guilty plea was not voluntary and "[t]herefore there was no guilty plea that could bar this suit, and the district court erred in dismissing this suit with prejudice." Id. at 10.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e), see Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and review a District Court's order denying a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure for

---

[1] Harris' notice of appeal is timely because the District Court's order failed to comply with the separate judgment rule. See Fed. R. Civ. P. 58(a); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) ("[A]n order is treated as a separate document if it satisfies three criteria: (1) it must be self-contained and separate from the opinion, (2) it must note the relief granted, and (3) it must omit (or at least substantially omit) the trial court's reasons for disposing of the claims.").

[2] Harris also asserts that the District Court erred "by accepting the Magistrate report and recommendation to dismiss plaintiff civil complaint that his claims were previously dismissed and the suit is re-litigated." 3d Cir. ECF No. 9 at 5. However, in adopting the report and recommendation, the District Court expressly rejected this basis for dismissal.

4

an abuse of discretion, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court correctly determined that Harris failed to state a claim for malicious prosecution. To prove a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must meet a number of elements, including that the "criminal proceeding ended in his favor." Allen v. N.J. State Police, 974 F.3d 497, 502 (3d Cir. 2020). Despite Harris' assertion that his plea was involuntary, his convictions have not been invalidated or otherwise favorably terminated. Further, the voluntariness of his plea cannot be challenged in a § 1983 action, as success would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly, his malicious prosecution claim is not cognizable under § 1983 and was properly dismissed. Id. at 487. However, the District Court erred in dismissing that claim with prejudice, as Harris may bring his malicious prosecution claim at a later time should his convictions be invalidated in the future. Id. at 484-85 (stating that a § 1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence); Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying dismissal of Heck-barred malicious prosecution claims to reflect that the claims are dismissed without prejudice).

Harris' remaining claims were properly dismissed with prejudice on statute of limitations grounds. Although the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), a court may dismiss claims sua sponte if a time-bar is obvious from

5

the face of the complaint and no further development of the record is necessary. See

Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Jones v. Bock, 549 U.S.

199, 215 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). The

statute of limitations for civil rights suits under § 1983 in Pennsylvania is two years. See

Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa. Cons. Stat. § 5524(7). We

agree with the District Court's conclusion that Harris' alleged new evidence does not

alter the fact that his claims clearly accrued for statute of limitations purposes when the

alleged wrongful acts occurred, and certainly not later than April 2004, when Harris was

subjectively aware of the alleged constitutional violations, as evidenced by the filing of

his earlier identical claims against the same parties. Sameric Corp. v. City of Phila., 142

F.3d 582, 599 (3d Cir. 1998). While Harris' "newly discovered evidence" might bring

"new meaning and new understanding to the violation some years ago," 3d Cir. ECF No.

9 at 7, it does not constitute an "exception to the untimeliness provision," Id. at 8, or

provide a new accrual point for the same claims that Harris, by his own admission, chose

to abandon after his deportation to Jamaica. See Id. at 4.

Nor do Harris' assertions provide a basis for equitable tolling of the statute of

limitations. "Tolling is [an] extraordinary remedy, and is proper only when the principles

of equity would make [the] rigid application [of a limitation period] unfair." D.J.S.-W ex

rel. Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020) (alterations in original)

(internal citations and quotations omitted). Equitable tolling is available in situations "(1)

where the defendant has actively misled the plaintiff respecting the plaintiff's cause of

6

action; (2) where the plaintiff in some extraordinary way has been prevented from asserting [his or] her rights; or (3) where the plaintiff has timely asserted [his or] her rights mistakenly in the wrong forum." Id. (internal quotations and citations omitted). Even in such situations, equitable tolling is not available if a litigant fails to "exercise due diligence in pursuing and preserving" their claims. Id. Harris' "new evidence" does not satisfy any of these situations. At most, the "evidence" presented by Harris provided a motive for events of which he was already aware, and in no way prevented him from pursuing his claims earlier. Further, Harris has not exercised diligence in pursuing and preserving his clams, as evidenced by his abandonment of his earlier 2004 action. As it is clear that Harris' claims accrued over fifteen years ago, and there is no basis for equitable tolling, the District Court properly dismissed Harris' remaining claims as time-barred.[3]

Finally, although Harris does not appear to challenge the District Court's denial of his motion for reconsideration in his appellate brief, we nonetheless discern no abuse of discretion in the District Court's decision. See Max's Seafood, 176 F.3d at 673.

**III.**

---

[3] To the extent that Harris alleges his new evidence is grounds to challenge his guilty plea, as had he known about this new evidence sooner "his criminal defense would have been successful," 3d Cir. ECF No. 9 at 12, such an argument was not raised in the District Court and is not properly raised for the first time on appeal. Even if properly raised, as discussed above, a § 1983 action is not the appropriate vehicle to challenge his plea or conviction.

For these reasons, we will affirm the judgment of the District Court, but will modify the order of dismissal to reflect that the malicious prosecution claim is dismissed without prejudice.