**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DERRICK S. WALKER,

    Plaintiff - Appellant,

v.

D. HUDSON; (FNU) WALKER; (FNU)
SARGENT; (FNU) ALLEN; FNU
ROCKHOLD; (FNU) WILLIAMS,

    Defendants - Appellees.

No. 24-3148
(D.C. No. 5:24-CV-03087-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

Judges cannot engage in lawmaking. And creating a cause of action is a legislative decision. So no matter how much we sympathize with a prisoner's plight in federal custody, we cannot extend <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), to novel constitutional violations.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case presents such a scenario.  Plaintiff Derrick Walker, proceeding pro se and housed in a federal prison, allegedly lived with an inch and a half of sewage in his prison cell for forty-eight hours.  He argues such living conditions violate his Eighth Amendment right to be free from cruel and unusual punishment.  We need not decide that question today because Plaintiff cannot prevail under Bivens.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Plaintiff's complaint for failure to state a claim.

## I.

Plaintiff, housed in FCI-Leavenworth, alleges that the Special Housing Unit had a major sewage back-up causing one and a half inches of raw sewage to come into his cell.  Plaintiff says that he repeatedly asked for sanitary chemicals to clean his cell or for someone to come and clean it.  The prison denied these requests and told Plaintiff to use his clothing to block the door sill to hold the sewage back.  The prison allegedly made Plaintiff and his cellmate live, walk, and eat in a room filled with raw sewage.

Plaintiff alleges prison officials' deliberate indifference to his health and safety violated the Eighth Amendment's prohibition of cruel and unusual punishment.  Plaintiff filed a complaint in the United States District Court for the District of Kansas seeking $1,000,000 in compensatory and punitive damages.

The district court dismissed Plaintiff's complaint for failure to state a claim. The district court noted Plaintiff marked "unknown" for how he brought his action, checking neither 42 U.S.C. § 1983 nor Bivens.  The district court first concluded

2

Plaintiff could not file his action under § 1983 because he alleged only rights deprivations by federal prison officials rather than the statutorily-required persons acting under color of state law. Next, the district court said Plaintiff could not use Bivens because his claim did not fit such claims' recognized categories and because the Bureau of Prison's Administrative Remedy Program provided an adequate remedy. The district court thus dismissed Plaintiff's complaint for failure to state a claim. Plaintiff timely appealed.

Plaintiff's appeal raises five issues. First, he says his action arises under Bivens. Second, Plaintiff asserts Defendants acted as Bureau of Prisons employees in an official capacity with requisite knowledge of a substantial risk. Third, Plaintiff contends Carlson v. Green, 446 U.S. 14 (1980), gives him a Bivens remedy. Fourth, Plaintiff argues the Administrative Remedy Program did not offer any adequate alternative remedy and did not produce any administrative results. Finally, Plaintiff argues his case pre-dates two cases the district court cited and the Federal Prison Oversight Act thus provided no protections during the incident.

## II.

A district court must dismiss a litigant's case seeking to proceed in forma pauperis whenever "the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Here, the district court dismissed the case for failure to state a claim on which relief may be granted. Our review is thus de novo. Vasquez

3

Arroyo v. Starks, 589 F.3d 1091, 1094 (10th Cir. 2009) (citing Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999)).  In conducting our review, we construe Plaintiff's pro se filings liberally.  Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (citing Ledbetter v. City of Topeka, 318 F.3d 1183, 1187–88 (10th Cir. 2003)).

1.

In his opening brief, Plaintiff makes clear that his is a Bivens claim, and that he asserts these claims against federal employees.  We have described Bivens as a more limited federal analog to 42 U.S.C. § 1983.  Mohamed v. Jones, 100 F.4th 1214, 1229 (10th Cir. 2024) (citing Hernandez v. Mesa, 589 U.S. 93 (2020)).  Because Plaintiff is a federal inmate and sues federal officials for a constitutional violation, he must use Bivens rather than § 1983.  Id.  And as we recently stated, "Bivens is now all but dead."  Rowland v. Matevousian, 121 F.4th 1237, 1241–42 (10th Cir. 2024) (citing Mohamed, 100 F.4th at 1236–37 (Tymkovich, J., dissenting)).  Indeed, extending Bivens "is impermissible in virtually all circumstances."  Id. at 1242 (quoting Silva v. United States, 45 F.4th 1134, 1140 (10th Cir. 2022)).

We engage in a two-step inquiry to see if Plaintiff's claims are cognizable.  Id.  First, we examine whether Plaintiff's case arises in a new Bivens context.  Id. (citing Egbert v. Boule, 596 U.S. 482, 492 (2022)).  Second, we consider whether special factors suggest the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed.  Id.

4

2.

Plaintiff contends his case is similar to Carlson, a Supreme Court-recognized Bivens action. In Carlson, a plaintiff brought an Eighth Amendment lawsuit against prison officials for deliberate indifference to a serious medical need. But simply alleging a claim for deliberate indifference to a serious medical need is not enough to make a Bivens claim similar. Rowland, 121 F.4th at 1242–43. Indeed, "[a] claim may arise in a new context *even if* it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." Id. at 1243 (citing Hernandez, 589 U.S. at 102). Even small differences can satisfy the new-context inquiry. Id. (citing Ziglar v. Abbasi, 582 U.S. 120, 149 (2017).

Here, Plaintiff's case contains more than small differences from Carlson in terms of the generality or specificity of the official action. Id. (citing Ziglar, 582 U.S. at 140). In Carlson, prison officials disobeyed a doctor's orders by keeping the plaintiff in a medical facility they knew to be grossly inadequate. The prisoner did not receive competent medical attention for eight hours after he had an asthmatic attack. The prison administered the prisoner drugs that exacerbated the attack. Prison officials further impeded the prisoner's breathing by giving him a respirator they knew was inoperative. And, importantly, the prisoner died as a result. Carlson, 446 U.S. at 16. None of those facts are present here.

This is the reality of plaintiffs asserting Bivens claims. Differences between Plaintiff's case and Carlson do not disprove that Defendants were deliberately indifferent to his medical needs. Rowland, 121 F.4th at 1243. Rather, the

5

differences show his case is materially different from Carlson and therefore presents a new Bivens context. Id. Because Plaintiff's claims materially differ from the three cases where the Supreme Court recognized a Bivens claim, we conclude Plaintiff's case arises in a new Bivens context. Id. Only Congress, not the judiciary, can legislate and create a cause of action for inmates like Plaintiff to sue federal officials for alleged violations of their constitutional rights.

Plaintiff argues in his brief that the district court essentially nullified the Eighth Amendment by denying his Bivens claim. Not so. Sovereign immunity immunizes the federal government from suit. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The United States must waive its sovereign immunity for constitutional claims. Id. at 485–86. It has made no such a waiver for Eighth Amendment violations.

Contrast that with Congress enacting 42 U.S.C. § 1983. That law authorized individuals to sue *state* and *local* governments for violating constitutional rights. So when Plaintiff cites cases in his brief, such as McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001), where a plaintiff alleged defendants violated his constitutional rights by forcing him to live in a feces-covered cell for three days, those plaintiffs sued *state* governments under § 1983. Indeed, *Oklahoma* imprisoned McBride and McBride alleged Oklahoma State employees violated his constitutional rights. Because Oklahoma rather than the United States government imprisoned McBride, Congress authorized McBride to sue Oklahoma's officials for violating his Eighth Amendment rights. Plaintiff also cites DeSpain v. Uphoff, 264 F.3d 965, 970 (10th

6

Cir. 2001), a case in which a Wyoming-state inmate sued Wyoming officials for cruel and unusual punishment for exposing him to unsanitary flooding conditions. Again, Congress authorized such suits against *state* governments, not the federal government. If this had happened in a state prison, a district court may not have dismissed Plaintiff's case for failure to state a claim. But because Plaintiff is a federal inmate, Congress has not provided a cause of action and the district court properly dismissed his Bivens suit. Thus, the district court did not engage in an "abuse of judicial authority" as Plaintiff alleges. Until Congress waives the federal government's immunity, identical plaintiffs cannot prevail on an Eighth Amendment claim.

3.

We now turn to the second step of the Bivens inquiry, which "dooms" Plaintiff's case. Rowland, 121 F.4th at 1243. An alternative remedial scheme addresses Plaintiff's complaints: the Bureau of Prisons' ("BOP") Administrative Remedial Program, which brings allegedly unconstitutional actions to the BOP's attention. Id. at 1243–44 (citing Silva, 45 F.4th at 1141). Plaintiff used this process. But he argues the Administrative Remedy Program was not an adequate alternative remedy and produced no administrative results. We have held numerous times, however, that the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose a Bivens claim. Id. at 1244 (citing Silva, 45 F.4th at 1141).

7

Plaintiff's <u>Bivens</u> claim fails because "so long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a <u>Bivens</u> remedy." <u>Id.</u> (quoting <u>Egbert</u>, 596 U.S. at 498).

4.

The most relevant question under <u>Bivens</u> is whether any rational reason exists to think Congress can weigh the costs and benefits of allowing a damages action to proceed better than a court. <u>Rowland</u>, 121 F.4th at 1244 (citing <u>Egbert</u>, 596 U.S. at 496). We have said "Congress will always be better suited to make such a call because, as the Supreme Court has emphasized, recognizing a <u>Bivens</u> action improperly merges the 'Constitution's separation of legislative and judicial power.'" <u>Id.</u> (quoting <u>Egbert</u>, 596 U.S. at 491). More importantly, "courts are simply ill-suited to 'predict the 'systemwide' consequences of recognizing a cause of action under <u>Bivens</u>.'" <u>Id.</u> (quoting <u>Egbert</u>, 596 U.S. at 493). Creating a cause of action is a legislative endeavor, and that is what every <u>Bivens</u> action requires courts to do. <u>Id.</u>

5.

Finally, Plaintiff says his case pre-dates <u>Noe v. U.S. Gov't</u>, 2023 WL 8868491 (10th Cir. Dec. 22, 2023), <u>Logsdon v. U.S. Marshal Serv.</u>, 91 F.4th 1352 (10th Cir. 2024), and the Federal Prison Oversight Act. Therefore, he asserts, "no protections were in place at the time of the incident."

Presumably, Plaintiff argues his case pre-dates <u>Noe</u> and <u>Logsdon</u> because those cases clarify that a federal inmate like Plaintiff cannot succeed under a <u>Bivens</u>

8

claim. This argument does not help Plaintiff. Noe and Logsdon both rely on Egbert and Silva. And courts decided both Egbert and Silva prior to the alleged violations that occurred in Plaintiff's case in December 2022.

As to the Federal Prison Oversight Act, Plaintiff argues that statute supports his claims that the BOP's Administrative Remedy Program does not provide an adequate alternative remedy. That Act established an independent oversight office to investigate and address conditions in the federal prison system. The Act's passage does not, however, change that the Executive has created a remedial process it finds sufficient to adequately deter prison official misconduct. We cannot second-guess that calibration by superimposing a Bivens remedy. Egbert, 596 U.S. at 498.[1]

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[1] Plaintiff moved to proceed in forma pauperis. We GRANT his motion but remind him that he must continue to make partial payments until he pays the filing fee in full.